No. 24-3354

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| CYNTHIA BROWN, ET AL., | : |
| | : On Appeal from the |
| Plaintiffs-Appellants, | : United States District Court |
| | : for the Southern District of Ohio |
| v. | : |
| | : District Court Case No. |
| DAVID YOST, | : 2:24-cv-01401 |
| | : |
| Defendant-Appellee. | : |

**APPELLEE OHIO ATTORNEY GENERAL'S COMBINED (1) OPPOSITION TO APPELLANTS' MOTION TO COMPEL AND (2) MOTION TO STAY JUDGMENT AND ISSUANCE OF THE MANDATE**

DAVE YOST
Attorney General of Ohio

T. ELLIOT GAISER
Ohio Solicitor General
 *Counsel of Record
ZACHERY KELLER
KATIE ROSE TALLEY
Deputy Solicitors General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614-466-8980
614-466-5087 fax
thomas.gaiser@ohioago.gov

*Counsel for Appellee*
 *David Yost*

Appellee Ohio Attorney General Dave Yost respectfully requests that the Court deny Appellants' motion to compel. To avoid any doubt, the Attorney General further moves to stay issuance of the mandate and stay the judgment during the full Court's consideration of Appellee's petition for rehearing en banc.

## BACKGROUND

On May 29, 2024, a divided panel of this Court reversed the district court's denial of Appellants' motion for preliminary injunction and ordered the Attorney General to certify a ballot-initiative summary. Nothing in the panel's order indicated that "immediate compliance with the order was necessary," Mot. at 1, or otherwise set an effective date. Two days later, the Attorney General filed a petition for rehearing en banc on May 31, 2024. That same day, this Court ordered Appellants to file a response to the petition by 5:00 p.m. on June 3, 2024. On June 4, 2024, Appellants filed this motion to compel. At this time, the mandate has not yet issued.

## ARGUMENT

Appellants ask this Court to compel compliance with a judgment that is not yet effective on the parties because the mandate has not yet issued. They cite no authority justifying that request, much less support for ordering compliance while the full Court is currently considering an en banc petition challenging the panel's decision. This Court should deny Appellants' motion and stay the judgment and

issuance of its mandate. Expedited issuance of the mandate here would only complicate this Court's en banc consideration and cause confusion within Ohio's election process.

**I.     Appellee's obligations under the panel's order are not triggered until the mandate issues.**

Appellants' motion misunderstands the role mandates play in appellate review. Courts of appeals have power to issue injunctions pending appeal, Fed. R. App. P. 8(a)(2)(D), and power to review the entry or denial of injunctions by lower courts, 28 U.S.C. §§1291, 1292(a)(1). But when a court of appeals "reverse[s] any … order," 28 U.S.C. §2106, it is the issuance of the mandate that both returns jurisdiction to the district court *and* makes the appellate court's order effective on the parties. *See* Fed. R. App. P. 41(c). It is "at that time the parties' obligations become fixed." Committee Notes on Fed. R. App. P. 41(c) (1998). Indeed, the 1998 amendment to Federal Rule of Appellate Procedure 41, adding subsection (c), was "intended to make it clear that the mandate is effective upon issuance" and that a "court of appeals' judgment or order is not final until issuance of the mandate." *Id.*

This Court's decision in *Mason v. Mitchell* is illustrative. 729 F.3d 545 (6th Cir. 2013). There, the Court granted a conditional writ of habeas corpus in an order on appeal. *Id.* at 548. The conditional writ was set to take effect "within 180 days from the date that the judgment in th[e] matter [became] final." *Id.* But that 180-

2

day clock did not begin to run immediately upon the panel's decision. Instead, it was not until the full Court denied the State's petitions for rehearing and this Court's "mandate issued" that the "writ became effective and the judgment became final." *Id.* at 551. The same holds true here.

The structure of Rule 41 reinforces that understanding. Rule 41 is designed to preserve litigants' ability, where warranted, to appeal judgments. It provides that a circuit court's mandate "must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b); *see also id.* 41(d). Once further appeal is foreclosed, in contrast, "the court of appeals must issue the mandate immediately unless … extraordinary circumstances apply." Fed. R. App. P. 41(d)(4). These built-in delays in issuance of the mandate provide litigants time to seek panel rehearing, rehearing en banc, or review in the Supreme Court of the United States. They would be meaningless if the appellate court's judgment was instantly binding on the parties without issuance of the mandate.

Likewise, if the opinions of the courts of appeals fixed the obligations of parties before issuance of the mandate, there would be no need for any party to seek expedited issuance of the mandate, as litigants often do, nor any reason for courts to act

3

on such motions. "Petitions for rehearing are a part of appellate procedure that are not an empty formality as though such petitions will as a matter of course be denied." *Ohio v. EPA*, No. 16-3564, 2018 U.S. App. LEXIS 7741, at *3 (6th Cir. Mar. 27, 2018) (quotation omitted) (declining to "diverge from the rules of appellate procedure and immediately issue the mandate" where the time to petition for rehearing had not yet expired); *compare Susan B. Anthony List v. Driehaus*, 574 F. App'x 597, 598 (6th Cir. 2014) ("we GRANT the joint motion for expedited remand and issuance of the mandate.").

Appellants' sole authority—a non-binding, out-of-circuit opinion—is not to the contrary. That Ninth Circuit decision, *In re Zermeno-Gomez*, dealt with the effect of a circuit court's decision on *district courts*, not the effect of a judgment on *the parties to a suit*. 868 F.3d 1048, 1052–53 (9th Cir. 2017). But the precedential effect of an appellate court's legal *decision* vis-à-vis lower federal courts is wholly distinct from the effective date of an appellate *judgment* on the parties bound by it. Appellants ignore that critical distinction and fail to grapple with the precedent in this Circuit addressing the issue here—the effective date of a court's judgment on the parties. *See Mason*, 729 F.3d at 551.

4

## II. Issuance of the mandate during consideration of the petition for rehearing en banc would complicate review and disrupt Ohio's election process.

This Court should stay the mandate and judgment during pendency of the en banc petition or, at minimum, decline to expedite it. Issuing the mandate now would muddle the full Court's en banc consideration and sow confusion amongst Ohio voters shortly before a general election. Either reason warrants staying the mandate.

Staying the mandate avoids complicating the ongoing en banc consideration with peripheral issues, such as litigation of a motion to recall the mandate or other jurisdictional challenges. Granting appellants' motion to compel compliance prior to the issuance of the mandate may invite Appellant to turn around and wield the Attorney General's compliance as a jurisdictional club by raising mootness or other arguments to block en banc review. But even meritless jurisdictional arguments would complicate what is otherwise a clean vehicle for this Court to clarify two issues of exceptional importance and distract from the full Court's current consideration of the en banc petition.

Despite Appellants' claims of irreparable harm, there is no reason to inject these complexities. Appellants began the ballot-initiative process well over a year ago in February 2023. Since then, they have submitted seven initiative summaries to the Attorney General, each failing in his view to comply with Ohio Revised Code §3519.01(A)'s fair-and-truthful requirement. Appellants could have raised their

5

First Amendment challenge against any of those prior certification denials through a writ of mandamus to the Ohio Supreme Court or a federal suit. Instead, they waited until March 2024—just months before the signature-collection deadline for the 2024 election—to act. Any exigency Appellants raise thus is largely of their own creation and does not cut against staying the mandate in any event.

Moreover, as the Attorney General has repeatedly pointed out, once certified, a ballot initiative does not expire if its proponents fail to obtain the requisite number of signatures to appear on the ballot in a particular election. *See* Ohio const. art. II, sec. 1a. Proponents can begin collecting signatures to appear on the next ballot, as other initiative proponents have done successfully. *See, e.g.*, Issue 2 (2023), https://bit.ly/3Xh1c6e (certified Aug. 20, 2021); https://perma.cc/7ZMC-5YDR (qualified for the Nov. 7, 2023 ballot).

By contrast, expedited issuance of the mandate would jeopardize orderly administration of Ohio's ballot-initiative process and foment confusion among Ohio voters by permitting circulation of an unfair and untruthful initiative summary—one which may ultimately be withdrawn. The Supreme Court has "repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *RNC v. DNC*, 589 U.S. 423, 424 (2020) (per curiam). The panel's order already judicially amends Ohio election law governing the initiative

process mere months before voting begins. *Contra Robinson v. Callais*, 144 S. Ct. 1171 (Mem) (U.S. 2024) (granting stay 174 days before election). The Court certainly should not expedite the effective date of such relief when the full Court is actively considering a petition to reconsider it. After all, "[c]ourt orders affecting elections, *especially conflicting orders*, can themselves result in voter confusion." *Purcell v. Gonzales*, 549 U.S. 1, 4–5 (2006) (emphasis added).

Consider how this might play out if Appellants get their way. If the panel orders that the Attorney General act on the injunction prior to the issuance of the mandate, then the Attorney General must immediately reverse his March decision, resurrect the last summary petitioners submitted, and send it to the Ballot Board. The Ballot Board then has ten days to evaluate whether the petition contains a single distinct law, Ohio Rev. Code 3505.062(A), and certify the petition so that petitioners can begin circulating official petitions. At this point, proponents will have a month to approach Ohio voters with the March summary printed at the top of their clip boards. What happens if the full Court then grants en banc review, vacating the panel's preliminary injunction? Must the petitioners stop collecting the signatures of Ohio voters who support their initiative (at least as summarized in March)?

This is why the Attorney General has acted with urgency, filing his petition for rehearing en banc within 48 hours of the panel's decision. All this possible

7

disruption to the State ballot-initiative process can be forestalled by denying Appellants' motion and granting Appellee's requested stay, and that is exactly what the Court should do. The panel should deny Appellants' motion and, to erase any doubt, stay issuance of the mandate and stay the judgment out of respect for the full Court's ongoing review of the en banc petition.

## CONCLUSION

The Attorney General respectfully asks this Court to deny Appellants' motion and stay issuance of the mandate and stay the judgment.

    Respectfully submitted,

    DAVE YOST
    Attorney General of Ohio

    */s/ T. Elliot Gaiser*
    T. ELLIOT GAISER
    Ohio Solicitor General
     *Counsel of Record
    ZACHERY KELLER
    KATIE ROSE TALLEY
    Deputy Solicitors General
    30 East Broad Street, 17th Floor
    Columbus, Ohio 43215
    614-466-8980
    614-466-5087 fax
    thomas.gaiser@ohioago.gov

    *Counsel for Appellee*
     *David Yost*

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Rule 32(g) of the Federal Rules of Appellate Procedure, that this response complies with the type-volume requirements and contains 1,727 words. *See* Fed. R. App. P. 27(d)(2)(A).

I further certify that this motion complies with the typeface requirements of Federal Rule 32(a)(5) and the type-style requirements of Federal Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Equity font.

*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2024 this motion was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      */s/ T. Elliot Gaiser*
                                      T. ELLIOT GAISER